1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

8

9   **CHRISTOPHER KERNS and DANIELLE KERNS**, individuals,

10                                                     **Plaintiffs**,

11          v.

12

13   **SWANSON BARK & WOOD PRODUCTS INC.**, a Washington corporation; **JOHN LEBER**, an individual; **ANTHONY BROCATO**, an individual; and **D'DEE KUANONI**, an individual,

14

15

16                                                  **Defendants**.

| |
|---|
| **Case No.**  _____ |
| **COMPLAINT** |
| JURY DEMAND |
| Violations of federal Family Medical Leave Act; Violations of Washington Family Leave Act; Violations of Washington Law Against Discrimination; Wrongful Discharge; Emotional Distress; Loss of Consortium |

17

18          Plaintiffs bring this action against Swanson Bark & Wood Products Inc. and its

19   personnel John Leber, Anthony Brocato, and D'Dee Kuanoni under federal and state laws,

20   and allege as follows:

                                        **PARTIES**

21          1.     Plaintiffs are a married couple who are residents of the state of Oregon.

22          2.     At all times material herein, Plaintiffs were employed by defendant Swanson

23   Bark & Wood Products Inc. within the state of Washington.

24          3.     Defendant Swanson Bark & Wood Products Inc. is, and at all times material

25   was, a corporation incorporated under the laws of Washington, with offices in the state of

26

---

Complaint - Case. No. _____          Page 1

1   Washington, and performing regular and substantial business in the state of Washington.

2   Defendant and its employees regularly engage in interstate commerce.

3           4.      Defendant John Leber is, on information and belief, a resident of the state of

4   Washington and at all material times was the CEO of defendant Swanson Bark & Wood

5   Products Inc.

6           5.      Defendant Anthony Brocato is, on information and belief, a resident of the

7   state of Washington and at all material times was plaintiff Chris Kerns' supervisor at Swanson

8   Bark & Wood Products Inc.

9           6.      Defendant D'Dee Kuanoni is, on information and belief, a resident of the state

10  of Washington and at all material times was the Human Resources manager of Swanson Bark

11  & Wood Products Inc., and was also the supervisor of plaintiff Danielle Kerns.

12                          **JURISDICTION & VENUE**

13          7.      This court has subject matter jurisdiction over Plaintiffs' federal law claims

14  under federal question jurisdiction pursuant to 28 USC 1331.

15          8.      This court has supplemental jurisdiction over Plaintiffs' state law claims

16  pursuant to 28 USC 1367(a).  Both the federal and state law claims alleged herein arose from

17  a common nucleus of operative facts.  The state and federal claims are so related that they

18  form part of the same case or controversy, and the claims would ordinarily be expected to be

19  tried in one judicial proceeding.

20          9.      This court has personal jurisdiction over defendant Swanson Bark & Wood

21  Products Inc. because it is incorporated under the laws of Washington, has its principal place

22  of business in Washington, and has purposeful and systematic contacts with the state of

23  Washington.

24          10.     This court has personal jurisdiction over the individual defendants because

25  each individual defendant is, on information and belief, a resident of Washington; because

26  each individual defendant has purposeful and systematic contacts with the state of

Complaint - Case. No. _____          Page 2

SCHUCK LAW, LLC
10013 NE Hazel Dell Avenue #178
Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

1   Washington; and because the acts and practices alleged herein occurred in Washington.

2        11.    Venue is proper in the Western District of Washington under 28 USC 1391(b)

3   and (c) because defendant  Swanson Bark & Wood Products Inc. has its principal place of

4   business within the judicial district and because the acts and practices alleged herein occurred

5   within this judicial district.

6   **ALLEGATIONS COMMON TO ALL CLAIMS**

7        12.    Defendant Swanson Bark & Wood Products Inc. employed plaintiff

8   Christopher ("Chris") Kerns from approximately September 2007 through March 18, 2013.

9        13.    Defendant agreed to pay plaintiff Chris Kerns a salary of approximately

10   $68,120.00 per year, in addition to benefits and perquisites.

11        14.    Defendant Swanson Bark & Wood Products Inc. employed plaintiff Danielle

12   Kerns from approximately April 2009 through March 19, 2013.

13        15.    Defendant agreed to pay plaintiff Danielle Kerns at an hourly rate of $16.00

14   per hour, in addition to benefits and perquisites.

15        16.    During the course of their employment, both Plaintiffs consistently received

16   performance reviews indicating acceptable or above-average performance.

17        17.    On February 27, 2013, plaintiff Chris Kerns informed Swanson Bark & Wood

18   Products Inc.'s CEO John Leber that he was commencing treatment for drug addiction.  At

19   that time, defendant Leber told Plaintiff that no disciplinary action would be taken against

20   him.

21        18.    On February 28, 2013, plaintiff Chris Kerns requested referrals to treatment for

22   drug addiction and anxiety/post-traumatic stress disorder through both his regular medical

23   provider and through defendant company's Employee Assistance Program.  Since

24   commencing treatment, Plaintiff has refrained from using controlled substances such as

25   alcohol and non-prescription drugs.

26        19.    Also on February 28, 2013, plaintiff Chris Kerns informed Swanson Bark &

Complaint - Case. No. _____     Page 3

1    Wood Products Inc.'s Human Resources manager D'Dee Kuanoni that he had been referred to

2    addiction treatment and mental health counseling under the direction and planning of his

3    medical providers.

4            20.     Shortly after plaintiff Chris Kerns informed Defendants that he was seeking

5    treatment, defendant Kuanoni told plaintiff Danielle Kerns that defendant company was

6    withdrawing plaintiff Chris Kerns from a previously-scheduled upcoming March training

7    program.  Plaintiff Chris Kerns did not learn of his withdrawal from the training program until

8    told by plaintiff Danielle Kerns.

9            21.     On or about Wednesday, March 13, 2013, plaintiff Danielle Kerns asked

10   defendant Kuanoni if defendant company would provide plaintiff Chris Kerns with

11   information concerning FMLA leave time.  Defendant Kuanoni refused to provide said

12   information and further told plaintiff Danielle Kerns that "there's not much hope for people

13   like Chris."

14           22.     Defendants did not inform Plaintiff about his rights to leave time or disability

15   accommodations under federal or state law, and did not request any documentation pertaining

16   to Plaintiff's conditions or treatment.

17           23.     On or about Thursday, March 14, 2013, plaintiff Danielle Kerns informed

18   defendant Kuanoni that she had advised plaintiff Chris Kerns to request FMLA leave time.

19           24.     On Friday, March 15, 2013, plaintiff Chris Kerns submitted a request for

20   FMLA leave to Swanson Bark & Wood Products Inc. through its Human Resources

21   department, pursuant to company policies and procedures.

22           25.     On Saturday, March 16, 2013, plaintiff Chris Kerns' supervisor, Anthony

23   Brocato, contacted Plaintiff and instructed him to cease work on any work tasks planned for

24   the weekend.  Defendant Brocato also told Plaintiff to appear in the Human Resources office

25   at 8 a.m. on the following Monday morning.

26           26.     Also on Saturday, March 16, Plaintiff found that he had been locked out of his

Complaint - Case. No. _____          Page 4

1   work-related email and similar work-related computer systems.  Plaintiff was given no reason

2   for the systems lockout, and was told by defendant Brocato that the lockout issue would be

3   worked out.

4         27.     On Monday, March 18, 2013, defendants Leber and Kuanoni met with plaintiff

5   Chris Kerns and fired him from his employment with defendant company.

6         28.     Also on March 18, 2013, Defendants presented plaintiff Chris Kerns with a

7   release-of-claims form and requested that he sign it.

8         29.     Also on March 18, 2013, plaintiff Danielle Kerns again reported to the Human

9   Resources department that she had advised plaintiff Chris Kerns to request FMLA leave.

10        30.     Later on March 18, 2013, plaintiff Danielle Kerns was contacted by defendants

11  Leber and Kuanoni, who told her to take a paid vacation in order to consider her future at

12  defendant company.

13        31.     On Tuesday, March 19, 2013, plaintiff Chris Kerns informed Defendants that

14  he would not sign the release of claims.

15        32.     Also on Tuesday, March 19, 2013, within an hour of plaintiff Chris Kerns'

16  refusal to sign the release of claims, defendant Kuanoni telephoned plaintiff Danielle Kerns

17  and fired her from her employment with defendant company.

18

19  **FIRST CLAIM FOR RELIEF**
**FMLA interference**

20

21  **(Plaintiff Chris Kerns)**
**(Against Defendant Swanson Bark & Wood Products Inc.)**

22        33.     Plaintiffs reallege and incorporate all above paragraphs as though fully set

23  forth herein.

24        34.     At all times material herein, defendant Swanson Bark & Wood Products Inc.

25  employed 50 or more employees for each working day during each of 20 or more calendar

26  workweeks in the year and was otherwise subject to the requirements of the Family Medical

Complaint - Case. No. _____          Page 5

1 | Leave Act (FMLA).

2 |     35.    At the time of his request for FMLA leave, Plaintiff Chris Kerns had been

3 | employed by Defendant for more than 12 months, had worked at least 1250 hours in the

4 | preceding 12 months, and was otherwise a covered employee under the FMLA.

5 |     36.    Plaintiff Chris Kerns was entitled to FMLA leave for treatment of his serious

6 | health conditions.

7 |     37.    Defendant unlawfully interfered with Plaintiff's right to FMLA leave by failing

8 | to advise Plaintiff of his right to leave time, failing to seek information from Plaintiff to

9 | determine whether he qualified for leave time, and failing to provide Plaintiff with requested

10 | leave time.

11 |     38.    Due to Defendant's unlawful interference with Plaintiff's rights under the

12 | FMLA, Plaintiff is entitled to recover lost wages, benefits, and other compensation including

13 | but not limited to front pay and liquidated damages, along with pre- and post-judgment

14 | interest thereon, as well as costs and fees, all pursuant to 29 USC 2617.

### SECOND CLAIM FOR RELIEF
**Washington FLA interference**

**(Plaintiff Chris Kerns)**
**(Against Defendant Swanson Bark & Wood Products Inc.)**

    39.    Plaintiffs reallege and incorporate all above paragraphs as though fully set forth herein.

    40.    At all times material herein, Defendant Swanson Bark & Wood Products Inc. was subject to the requirements of the Washington Family Leave Act (FLA).

    41.    At the time of his request for leave, Plaintiff Chris Kerns was a covered employee under the Washington FLA.

    42.    Plaintiff Chris Kerns was entitled to protected leave under the Washington FLA for treatment of his serious health conditions.

Complaint - Case. No. _____          Page 6

43.     Defendant unlawfully interfered with Plaintiff's rights under the Washington FLA leave by failing to advise Plaintiff of his right to leave time, failing to seek information from Plaintiff to determine whether he qualified for leave time, and failing to provide Plaintiff with requested leave time.

44.     Due to Defendant's unlawful interference with Plaintiff's rights under the Washington FLA, Plaintiff is entitled to recover lost wages and benefits, liquidated damages, and other compensation along with pre- and post-judgment interest thereon, as well as costs and fees, all pursuant to RCW 49.78.330.

**THIRD CLAIM FOR RELIEF**
**Unlawful Retaliation in violation of the FMLA**

**(Plaintiffs Chris and Danielle Kerns)**
**(Against Defendant Swanson Bark & Wood Products Inc.)**

45.     Plaintiffs reallege and incorporate all above paragraphs as though fully set forth herein.

46.     Defendant Swanson Bark & Wood Products Inc. unlawfully retaliated against plaintiffs Chris and Danielle Kerns, in violation of the FMLA, by altering the conditions of their employment, threatening them with termination, and terminating their employment.

47.     Due to Defendant's unlawful retaliation, Plaintiffs are entitled to recover lost wages, benefits, and other compensation including front pay and liquidated damages, along with pre- and post-judgment interest thereon, as well as costs and fees, all pursuant to 29 USC 2617.

**FOURTH CLAIM FOR RELIEF**
**Unlawful Retaliation in violation of the Washington FLA**

**(Plaintiffs Chris and Danielle Kerns)**
**(Against Defendant Swanson Bark & Wood Products Inc.)**

48.     Plaintiffs reallege and incorporate all above paragraphs as though fully set forth herein.

**SCHUCK LAW, LLC**
10013 NE Hazel Dell Avenue #178
Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

49.     Defendant Swanson Bark & Wood Products Inc. unlawfully retaliated against plaintiffs Chris and Danielle Kerns, in violation of the Washington FLA, by altering the conditions of their employment, threatening them with termination, and terminating their employment.

50.     Due to Defendant's unlawful retaliation, Plaintiffs are entitled to recover lost wages and benefits, liquidated damages, and other compensation along with pre- and post-judgment interest thereon, as well as costs and fees, all pursuant to RCW 49.78.330.

### FIFTH CLAIM FOR RELIEF
**Violations of Washington Law Against Discrimination**

**(Plaintiff Chris Kerns)**
**(Against Defendant Swanson Bark & Wood Products Inc.)**

51.     Plaintiffs reallege and incorporate all above paragraphs as though fully set forth herein.

52.     As set forth above, plaintiff Chris Kerns is disabled.

53.     Plaintiff provided defendant Swanson Bark & Wood Products Inc. with notice of his disability and his need for accommodation.

54.     Defendant knew and/or perceived Plaintiff to be disabled.

55.     As set forth above, Defendant subjected Plaintiff to discrimination and retaliation in his employment and refused to take reasonable and necessary steps to prevent the discrimination and retaliation from occurring.

56.     As set forth above, Defendant failed to take reasonable and necessary steps to accommodate Plaintiff's disability.

57.     As a result of Defendant's acts, Plaintiff has suffered economic and non-economic injuries including lost past and future wages, inconvenience, emotional distress and mental anguish, and costs and fees incurred in pursuing this action, all to his general damage in an amount to be proved at trial.

Complaint - Case. No. _____          Page 8

58.     Due to Defendant's violation of the Washington Law Against Discrimination, plaintiff Chris Kerns is entitled to recover actual damages, injunctive relief, costs and fees, and any other appropriate remedies authorized under the United States Civil Rights Act, all pursuant to RCW 49.60.030.

**SIXTH CLAIM FOR RELIEF**
**Violation of Washington Law Against Discrimination**

**(Plaintiff Danielle Kerns)**
**(Against Defendant Swanson Bark & Wood Products Inc.)**

59.     Plaintiffs reallege and incorporate all above paragraphs as though fully set forth herein.

60.     As set forth above, defendant Swanson Bark & Wood Products Inc. subjected plaintiff Danielle Kerns to retaliation in her employment.  Said retaliation was in response to Plaintiff's opposition to Defendant's unlawful practices, and was in violation of RCW 49.60.210.

61.     As a result of Defendant's acts, Plaintiff has suffered economic and non-economic injuries including lost past and future wages, inconvenience, emotional distress and mental anguish, and costs and fees incurred in pursuing this action, all to her general damage in an amount to be proved at trial.

62.     Due to Defendant's violation of the Washington Law Against Discrimination, plaintiff Danielle Kerns is entitled to recover actual damages, injunctive relief, costs and fees, and any other appropriate remedies authorized under the United States Civil Rights Act, all pursuant to RCW 49.60.030.

///
///
///
///

Complaint - Case. No. _____          Page 9

1

2

### SEVENTH CLAIM FOR RELIEF
**Unlawful Aiding & Abetting in violation of Washington Law Against Discrimination**

3

**(Plaintiffs Chris and Danielle Kerns)**
**(Against Defendants John Leber, Anthony Brocato, and D'Dee Kuanoni)**

4

5

63.     Plaintiffs reallege and incorporate all above paragraphs as though fully set forth herein.

6

7

64.     Defendants John Leber, Anthony Brocato, and D'Dee Kuanoni, and each of them, aided and abetted the unlawful practices of defendant Swanson Bark & Wood Products Inc. by assisting in unlawful acts of harassment, discrimination, and retaliation against the Plaintiffs, as described herein.

8

9

10

65.     As a result of the unlawful acts of defendants John Leber, Anthony Brocato, and D'Dee Kuanoni, and each of them, Plaintiffs suffered damages as alleged herein, in an amount to be proved at trial.

11

12

13

14

### EIGHTH CLAIM FOR RELIEF
**Common-law Wrongful Discharge**

15

**(Plaintiffs Chris and Danielle Kerns)**
**(Against Defendant Swanson Bark & Wood Products Inc.)**

16

17

66.     Plaintiffs reallege and incorporate all above paragraphs as though fully set forth herein.

18

19

67.     As found in the statutes, regulations, and laws of Washington, there is a strong public policy interest in protecting workers from discrimination and retaliation in the workplace for invoking the procedures, benefits, and protections of the Washington Law Against Discrimination, Washington FLA, and/or federal FMLA, or for opposing any practices made unlawful by state and/or federal laws.

20

21

22

23

24

68.     As found in the statutes, regulations, and laws of Washington, there is a strong public policy interest in encouraging the treatment of mental health and substance abuse disorders.

25

26

Complaint - Case. No. _____          Page 10

**SCHUCK LAW, LLC**
10013 NE Hazel Dell Avenue #178
Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

69.     As set forth above, Defendant terminated Plaintiffs for seeking and encouraging the treatment of mental health and substance abuse disorders; for invoking the procedures, benefits, and protections of the Washington Law Against Discrimination, Washington FLA, and/or federal FMLA; and/or for opposing practices made unlawful by said state and/or federal laws.

70.     As a result of Defendant's acts, Plaintiffs suffered economic and non-economic injuries including lost past and future wages, inconvenience, and emotional distress and mental anguish, all to their damage in an amount to be determined by a jury at trial.

## NINTH CLAIM FOR RELIEF
### Outrage (Intentional Infliction of Emotional Distress)

### (Plaintiffs Chris and Danielle Kerns)
### (Against All Defendants)

71.     Plaintiffs reallege and incorporate all above paragraphs as though fully set forth herein.

72.     By the acts of retaliating against and terminating plaintiff Chris Kerns, Defendants and each of them intended to cause the Plaintiffs to suffer emotional distress.

73.     By the acts of retaliating against and terminating plaintiff Danielle Kerns, Defendants and each of them intended to cause the Plaintiffs to suffer emotional distress.

74.     Alternatively, Defendants and each of them acted with reckless disregard for the probability that their acts would cause Plaintiffs to suffer emotional distress.

75.     Defendants' conduct as alleged was extreme, outrageous, and beyond the bounds of socially tolerable conduct.

76.     Moreover, Defendants and each of them knew and/or had reason to know that plaintiff Chris Kerns was especially vulnerable to emotional distress because Defendants knew Plaintiff was seeking mental health and addiction counseling.

77.     As a result of the acts of Defendants and each of them, Plaintiffs have suffered

Complaint - Case. No. _____          Page 11

1   and continue to suffer severe emotional distress.

2   78.   As a result of the acts of Defendants and each of them, Plaintiffs and each of

3   them have incurred damages in an amount to be determined by a jury at trial.

### TENTH CLAIM FOR RELIEF
### Negligent Infliction of Emotional Distress

**(Plaintiffs Chris and Danielle Kerns)**
**(Against All Defendants)**

79.   Plaintiffs reallege and incorporate all above paragraphs as though fully set
forth herein.

80.   As alleged herein, the acts of Defendants and each of them were unreasonable.

81.   In performing the acts alleged herein, Defendants and each of them violated
their duty to act with reasonable care.

82.   Moreover, Defendants and each of them knew and/or had reason to know that
plaintiff Chris Kerns was especially vulnerable to emotional distress because Defendants
knew Plaintiff was seeking mental health and addiction counseling.

83.   As a result of the acts of Defendants and each of them, Plaintiffs have suffered
and continue to suffer severe emotional distress.

84.   As a result of the acts of Defendants and each of them, Plaintiffs and each of
them have incurred damages in an amount to be determined by a jury at trial.

### ELEVENTH CLAIM FOR RELIEF
### Loss of Consortium

**(Plaintiffs Chris and Danielle Kerns)**
**(Against All Defendants)**

85.   Plaintiffs reallege and incorporate all above paragraphs as though fully set
forth herein.

86.   At all material times, Plaintiffs were married, and they continue to be married.

87.   As a result of Defendants' actions described herein, Plaintiffs and each of them

Complaint - Case. No. _____        Page 12

SCHUCK LAW, LLC
10013 NE Hazel Dell Avenue #178
Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

1  have suffered the loss of each other's society, affection, companionship, comfort, care,

2  assistance, support, services, and fellowship, all to the detriment of their marital relationship.

3       88.     As a result of the acts of Defendants and each of them, Plaintiffs and each of

4  them have incurred non-economic damages in an amount to be determined by a jury at trial.

5
6  **DEMAND FOR JURY TRIAL**

     89.     Plaintiffs demand trial by jury on all claims.

7
8  **PRAYER FOR RELIEF**

9       WHEREFORE, Plaintiffs pray for relief from Defendants as follows:

10       As to Plaintiffs' claims under the FMLA, lost wages, lost benefits, and other lost

11  compensation; front pay, liquidated damages, and other available damages pursuant to statute;

12  costs and fees; and any other relief the Court deems appropriate pursuant to 29 USC 2617,

13  with amounts to be proved at trial, along with pre- and post-judgment interest thereon.

14       As to Plaintiffs' claims under the Washington FLA, lost wages, lost benefits, and other

15  lost compensation; liquidated damages pursuant to statute; costs and fees; and any other relief

16  the Court deems appropriate pursuant to RCW 49.78.330, with amounts to be proved at trial,

17  along with pre- and post-judgment interest thereon.

18       As to Plaintiffs' claims under the Washington Law Against Discrimination, actual

19  damages; injunctive relief; costs and fees; any other appropriate remedy authorized under the

20  U. S. Civil Rights Act as incorporated by reference under RCW 49.60.030; and any other

21  relief the Court deems appropriate pursuant to RCW ch. 49.60, in amounts to be determined

22  by a jury at trial, along with pre- and post-judgment interest thereon.

23       As to Plaintiffs' common-law claims, economic and non-economic damages including

24  lost past and future wages and benefits; recompense for inconvenience, emotional distress,

25  and mental anguish; punitive damages as available; costs and expenses as allowed by RCW

26  4.84.010; and any other relief the Court deems appropriate, in amounts to be determined by a

Complaint - Case. No. _____          Page 13

**SCHUCK LAW, LLC**
10013 NE Hazel Dell Avenue #178
Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

1 | jury at trial, along with pre- and post-judgment interest thereon.

2 |      Upon any counterclaim or defense asserted by any Defendant without reasonable

3 | cause, Plaintiffs' costs and fees pursuant to RCW 4.84.185.

4

5 |      DATED:  April 4, 2013.

6 |      Schuck Law, LLC

7

8 |                              /s/  David A. Schuck

9 |                              DAVID A. SCHUCK
                             OSB # 993564, WSB # 37285
                             (360) 566-9243
                             Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Complaint - Case. No. _____      Page 14